UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREW SCHLESINGER,<br>an individual, | ) ) ) | Case No: |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | Magistrate Judge: |
| CITY OF THIBODAUX, | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff, Andrew Schlesinger, an individual, by and through his undersigned counsel, hereby files this Complaint and sues the CITY OF THIBODAUX, as the entity responsible for Peltier Park, for damages, injunctive and declaratory relief, attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("Americans with Disabilities Act" or "ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. §794 *et seq.* (Rehabilitation Act). This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's Property, which is the subject of this action, is located in Orleans Parish, Louisiana.

3. Plaintiff, ANDREW SCHLESINGER, (hereinafter referred to as "Mr. Schlesinger") is a resident of the State of Louisiana, Parish of Lafourche.

4.  Mr. Schlesinger is a qualified individual with a disability under the ADA. Mr. Schlesinger is diagnosed with spina bifida and uses a wheelchair for his primary means of mobility.

5.  Due to his disability, Plaintiff is substantially impaired in several major life activities. Specifically, Mr. Schlesinger is unable to walk, stand, or use his legs without assistance.

6.  Upon information and belief, the CITY OF THIBODAUX (hereinafter referred to as "Defendant"), is the political entity responsible for owning, administering, operating, and maintaining Peltier Park.

7.  Upon information and belief, Defendant is the lessee, owner, and operator of the real property, improvements, and programs which are the subject of this action, to wit: Peltier Park, 151 Peltier Park Drive, Thibodaux, Louisiana 70302 ("Property").

8.  Defendant is responsible for complying with the obligations of the ADA.

9.  All events giving rise to this lawsuit occurred in the Eastern District of Louisiana.

## COUNT I
## VIOLATION OF TITLE II OF THE ADA

10. Mr. Schlesinger realleges and reavers paragraphs 1-9 as if they were expressly restated herein.

11. Defendant is a public entity, subject to the ADA, which owns and administers the Peltier Park, 151 Peltier Park Drive, Thibodaux, Louisiana 70302.

12. Peltier Park offers a baseball and softball fields, picnic tables, walking paths, sidewalks, playgrounds, restrooms, covered picnic areas, and benches, among many other features.

13. Defendant develops and provides the services and programs offered at the Property.

14. Mr. Schlesinger has been to the Property on numerous occasions.

15.    While at the Property, Mr. Schlesinger used the sidewalks and tried to access numerous architectural features but was unable to do so as a result of barriers which prevented him from being able to access the services and programs offered at the Property.

16.    Mr. Schlesinger tried to use the restroom, but experienced great difficulty as a result of the inaccessible route to the restroom, the inaccessible lavatory, and inaccessible soap dispenser.

17.    At times while at the Property, Mr. Schlesinger has been unable to access certain areas as a result of the lack of accessible routes and the lack of compliant curb cuts.

18.    Mr. Schlesinger plans to return to the Property in the near future to utilize the programs and activities administered at the Property.

19.    During his visit to the Property, Mr. Schlesinger experienced serious difficulty utilizing the services and programs offered at the Property due to the architectural barriers discussed herein.

20.    Mr. Schlesinger continues to desire to visit the Property, but fears that he will experience serious difficulty again due to the barriers discussed in paragraph 23 which still exist.

21.    These barriers are excluding Mr. Schlesinger from the programs and activities offered the Property.

22.    Mr. Schlesinger plans to and will visit the Property in the future as a patron and a customer and to determine if the barriers to access alleged herein have been modified.

23.    Defendant has discriminated, and is continuing to discriminate, against Mr. Schlesinger in violation of the ADA by excluding and/or denying Mr. Schlesinger the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities

within five (5) years of January 26, 1992. Mr. Schlesinger's visit to the Property shows that the program, when viewed in its entirety, is not accessible. These physical barriers to access include, but are not limited to:

A.  There are curb cuts at the Facility that are too steep and/or have improper side-flares;

B.  There walking surfaces where a curb cut is not provided;

C.  Near the baseball stadium, there is no accessible route from the parking area to the rest of the park;

D.  There is no accessible seating near the bleachers of the baseball area;

E.  The sidewalk along the length of the Facility is inaccessible as it is cracked and broken, which makes it difficult for Mr. Schlesinger to maneuver in his wheelchair;

F.  There are restrooms at the Facility that are not connected to the rest of the Facility via an accessible route;

G.  There are benches and seating areas at the Facility that are not connected to the rest of the Facility via an accessible route;

H.  There are playgrounds at the Facility that are not connected to the rest of the Facility via an accessible route;

I.  There is a ramp at the Facility that does not have handrails on both sides;

J.  At the recreational center, the vertical disabled signage is not mounted sufficiently high off the finished floor;

K.  There are excessive thresholds at the Facility;

4

L.  The lavatory in the Men's restroom at the recreational center does not provide the necessary knee and toe clearance;

M.  The soap dispenser is located too high off the finished floor;

N.  The urinals at the Facility are non-compliant;

O.  The coat hooks are mounted too high off the finished floor; and

P.  The door to the disabled bathroom stall is not self closing.

24.  42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

25.  Defendant has discriminated against Mr. Schlesinger by denying her full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by U.S.C. §12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq.*

26.  Defendant has discriminated, and is continuing to discriminate, against Mr. Schlesinger in violation of the ADA by excluding and/or denying Mr. Schlesinger the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. Mr. Schlesinger personally experienced the numerous barriers to access on the Property discussed herein.

27.  28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them

5

to discrimination..."   Defendant has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

28.   Defendant discriminated against Mr. Schlesinger by excluding him from participation in, and denying the benefits of, the services, programs, and/or activities at its Property because of Mr. Schlesinger's disability, all in violation of 42 U.S.C. § 12132. Furthermore, Defendant continues to discriminate against the Mr. Schlesinger, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, egregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.   Mr. Schlesinger and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of Defendant's Property, and have otherwise been discriminated against and damaged by Defendant because of Defendant's discrimination, as set forth above.   Mr. Schlesinger and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Mr. Schlesinger requires a full inspection of Defendant's Property in order to catalogue and cure all the

areas of non-compliance with the ADA.

30.    Mr. Schlesinger has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

31.    Mr. Schlesinger is without adequate remedy at law and is suffering irreparable harm.

32.    Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Mr. Schlesinger's injunctive relief including an order Defendant to alter the Property to make those facilities, and/or programs, and/or activities, readily accessible and useable to Mr. Schlesinger and all other persons with disabilities as defined by the ADA; or by closing the Property until such time as Defendant cures its violations of the ADA.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

33.    Mr. Schlesinger adopts and re-alleges the allegations contained in paragraphs 1-32 as if fully stated herein.

34.    Mr. Schlesinger brings this claim against Defendant, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

35.    The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency

or by the United States Postal Service.  29 U.S.C. § 794(a).

36.　　As set forth herein, Defendant has violated the Rehabilitation Act by intentionally excluding the Mr. Schlesinger, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected them to discrimination under, Defendant's programs and activities.

37.　　A non-exclusive list of Defendant's violations of the Rehabilitation Act and discriminatory conduct against Mr. Schlesinger are evidenced by:

A.　　denying Mr. Schlesinger access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered at the Property;

B.　　by otherwise limiting Mr. Schlesinger in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services;

C.　　making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant at the Property;

D.　　failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Mr. Schlesinger;

E.　　excluding Mr. Schlesinger from participation in, and the benefits of, Defendant's  services programs and activities as a result of Defendant's

Property being inaccessible to or unusable by Mr. Schlesinger; and

F.      failing to design and/or construct new facilities, or make alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

38.      Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which Mr. Schlesinger is more likely than not going to encounter upon his future visits to the subject premises. Mr. Schlesinger brings this action:

A.      to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

B.      to reasonably avoid further and future injury to Mr. Schlesinger as a result of Defendant's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C.      to ensure Defendant's Property is accessible as required by the relevant applications of Title II of the ADA;

D.      to be made whole and ensure future compliance; and

E.      to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

39.      Only through a complete inspection of the Property and related facilities, undertaken by Mr. Schlesinger and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

40.   Upon information and belief, Defendant is the recipient of federal funds.

41.   As the recipient of federal funds, Defendant is liable for damages to Mr. Schlesinger as a result of its acts and omissions constituting intentional discrimination.

42.   As set forth above, Mr. Schlesinger has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of her disability as a result of Defendant's Rehabilitation Act violations set forth above.

43.   Mr. Schlesinger has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Mr. Schlesinger is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 29 U.S.C. §794(b).

44.   Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant Mr. Schlesinger's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting Mr. Schlesinger compensatory damages for Defendant's discriminatory actions.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Schlesinger prays that:

A.     This Court issue a Declaratory Judgment that determines that Defendant is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*;

B.     This Court issue a Declaratory Judgment that determines that the property, programs and activities owned, operated and administered by Defendant is in violation of the Rehabilitation Act;

C.     This Court grant preliminary and permanent injunctive relief against Defendant including an order to make all readily achievable alterations to the Property; or to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

D.     This Court enter an Order directing Defendant to alter and modify the Property and its facilities, services, activities, programs and

accommodations as appropriate to comply with the ADA and the Rehabilitation Act;

E.    This Court enter an Order  closing the subject Property and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

F.    This Court awards monetary damages, pursuant to Title II and 29 U.S.C. § 794a(a)2 for the harmed caused by Defendant's discriminatory practices;

G.    This Court award of reasonable attorneys' fees, costs and litigation expenses pursuant to 29 U.S.C. § 794a(a)2 and 42 U.S.C. § 12205 and 28 C.F.R. § 35.175; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title II of the ADA and the Rehabilitation Act.

Respectfully Submitted,


THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:_____
      GARRET S. DEREUS